

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Stephen P. Hebert
County Attorney
Cuero, Texas

Dear Sir:

Opinion No. O-1784
Re: Filling of vacancy in
the office of District
Judge, occasioned by
the death of the in-
cumbent

This will acknowledge receipt of your telegram of this date, requesting the opinion of this department upon the question of whether, where the regular district judge of your district has died, and no special judge was elected before his death, the practicing lawyers of the court may elect from among their number a special judge, or a judge from another district may be assigned to hold court in your district by the presiding judge of the administrative judicial district, pending the filling of the vacancy in the office of the district judge of your district by appointment of the Governor.

Article V, Section 28, of the Constitution, provides that a vacancy in the office of district judge shall be filled by appointment by the Governor.

Article 200a, Revised Civil Statutes, (Vernon's) permits the presiding judge of the administrative judicial district to assign any of the judges of the administrative district to hold a special or regular term of court in any county

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of the administrative district, in cases where the regular judge thereof is absent or is from any cause disabled or disqualified from presiding, and in instances where the regular district judge is present or himself trying cases where authorized or permitted by the Constitution or laws of the State.

Article 1887, Revised Civil Statutes, 1925, permits the practicing lawyers of the court present to elect from among their number a special judge, who shall hold court and proceed with the business thereof, in instances where the judge of a district court on the first or any future day of a term fails or refuses to hold court. Article 1893, Revised Civil Statutes, 1925, adds "absence" to the situations wherein the practicing lawyers of the court may elect a special judge.

Your question is answered by the following quotation from the case of Glover vs. Albrecht, 173 S. W. 504, wherein Chief Justice Pleasants stated:

"The Constitution provides that a vacancy in the office of judge shall be filled by appointment by the Governor, and only authorizes the appointment of a special judge when the regular judge is 'absent', 'disabled', or 'disqualified.' We do not think any of the above terms should be construed to embrace a vacancy caused by the death of the regular judge, and the Legislature has not authorized the appointment of a special judge in such case."

You are therefore advised that no provision has been made for the election of a special judge or the assignment of a judge from another district within the administrative district, following the death of the

Honorable Stephen F. Hebert, page 3


regular judge, and prior to the filling of the vacancy occasioned by the death of the district judge by appointment made by the Governor.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  _Richard W. Fairchild_

Richard W. Fairchild
Assistant

RWF:LW


APPROVEDJAN 22, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED